NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBIN LATEEF,<br><br>        Plaintiff,<br><br>v.<br><br>DIAMOND VISION, et al.,<br><br>        Defendants. | Civil Action No.: 08-3220 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on a motion for summary judgment filed by Defendant Jhansi Raju, M.D. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is denied.

**I.      BACKGROUND**[1]

On January 26, 2004, Dr. Raju performed Lasek surgery on Plaintiff. (Pl.'s Fact Stmt, ¶ 4.) Between January 27, 2004, and August 3, 2007, Plaintiff had numerous follow up visits at Diamond Vision with Dr. Raju. (Id., at ¶ 6.) However, he had no appointments between June 21, 2004, and July 3, 2006. (Id.)

In his deposition, Plaintiff stated that he began experiencing blurred vision "[a]bout a

---

[1] Dr. Raju failed to include a statement of material facts as required by Local Civil Rule 56.1. The present motion could be dismissed on this basis alone. However, in the interest of judicial economy, the Court has considered the one page statement of facts included in Dr. Raju's brief as well as the Statement of Facts filed by Plaintiff in his opposition.

year" after January 2004.  (Cert. of Ronald A. White, Esq., Ex. G, Dep. of Ibin Lateef, Tr. 37:9-12.)  In a certification filed with his opposition, Plaintiff asserts that, as he stated in his deposition, his recollection of dates is not very good, and that, upon further reflection, he believes the blurred vision began in the Spring of 2006, not in 2005.  (See Cert. of Adam M. Slater, Ex. D, Cert. of Ibin Lateef.)  On July 3, 2006, Plaintiff sought medical attention from Dr. Raju for the blurred vision.  (Br. in Supp. of Def. Jhansi Raju, M.D.'s Mot. for Summ. J. Pursuant to N.J.S.A. 2A:14-2 [hereinafter "Raju's Br."], at 4.[2])  There is no evidence in the record that he sought medical treatment or consultation for the blurred vision before this date.

Plaintiff has testified "that nobody at Diamond Vision[, in any subsequent appointments,] told him what was causing the blurred vision."  (Pl. Fact Stmt., ¶ 10.)  Eventually, Diamond Vision referred Plaintiff to an outside physician.  On September 25, 2007, Plaintiff was evaluated by Dr. Walter Stark at Johns Hopkins University.  (Id., at ¶ 14.)  Plaintiff testified that Dr. Stark told him that he had corneal ectasia that could be due to the Lasek surgery.  (Id., at ¶¶ 15-16.)  Plaintiff also testified the Dr. Stark informed him that "he probably would not have performed the surgery" on Plaintiff due to irregularities in his corneal topography.  (Id., at ¶ 17.)

Plaintiff filed his original Complaint in this matter on June 26, 2008.  Plaintiff filed an Amended Complaint on August 12, 2008.  Dr. Raju presently moves for summary judgment arguing that the action against him is untimely.

## II.  LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil

---

[2] Dr. Raju's brief is not paginated.  Therefore, the Court used the docket heading numbers for reference.

Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

### III. DISCUSSION

Under New Jersey law "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ." N.J. Stat. Ann. § 2A:14-2. "In the context of a medical malpractice action, a cause of action generally accrues on the date that the alleged act or omission occurred." Baird v. Am. Med. Optics, 713 A.2d 1019, 1025 (N.J. 1998). But, courts also recognize a discovery rule. Id. "The discovery rule delays the accrual of a cause of action until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Id. (internal quotations omitted). Thus, "[t]he question in a discovery rule case is whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was

injured due to the fault of another." Caravaggio v. D'Agostini, 765 A.2d 182, 187 (N.J. 2001). This standard does not require that "a plaintiff ha[ve] knowledge of a specific basis for legal liability or a provable cause of action," but "[i]t does . . . require knowledge not only of the injury but also that another is at fault." Id.

Dr. Raju argues that Plaintiff did not exercise reasonable diligence in seeking medical attention for his blurred vision. Dr. Raju asserts that "by January 2005, the time [he asserts that] plaintiff noticed his vision blurring, the plaintiff discovered, or should have discovered, that his problem was related to the alleged negligent performance of his eye surgery by the defendant." (Raju Br., at 6.) The date plaintiff first experienced the blurred vision is disputed, although both dates are outside of the two year limitations period. But, given the evidence presented, even had Plaintiff sought medical attention from Diamond Vision earlier, there is no reason to infer that Plaintiff should or would have discovered the injury earlier, much less that any injury was the fault of another. Plaintiff had numerous appointments at Diamond Vision between July 3, 2006, and August 3, 2007. He testified that "nobody at Diamond Vision told [him] that his corneas were damaged and had ectasia, or the cause of his blurred vision, let alone that his blurred vision was due to ectasia caused by lasek surgery." (Pl.'s Opp'n, at 5.) The only evidence in the record that the blurred vision may have been due to the fault of another is the testimony regarding Dr. Stark's evaluation of Plaintiff in September 2007, well within two years before the filing of the original Complaint. The Court finds that September 2007 is the most likely accrual date of Plaintiff's action. At a minimum, there is a genuine issue of disputed fact as to when the blurred vision began and whether Plaintiff exercised reasonable diligence in determining its cause. Therefore, the Court finds that the action against Dr. Raju is not untimely as a matter of law. Dr.

Raju's motion is denied.

## IV.     CONCLUSION

      For the foregoing reasons, Dr. Raju's summary judgment motion is denied.  An appropriate Order accompanies this Opinion.

DATED: May 4, 2010                              /s/ Jose L. Linares
                                            UNITED STATES DISTRICT JUDGE